**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marco Rendon; Ashley Salkey; Javonna Jenkins; Michael Tucker; Anthony Castillo;  Shariff Jamison; Malachi Whyte; Brandon Serrano; and Earon Toliver, *on behalf of themselves and others similarly situated,*  <br><br>                                        *Plaintiffs*,<br><br>                 -against-<br><br>Community Mobile Testing, Inc.; and LabQ Clinical Diagnostics LLC,<br><br>                                        *Defendants.* | **FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Marco Rendon; Ashley Salkey; Javonna Jenkins; Michael Tucker; Anthony Castillo; Shariff Jamison; Malachi Whyte; Brandon Serrano; and Earon Tolive, (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action as class representatives, for damages and other legal and equitable relief against defendants, Community Mobile Testing, Inc.; and LabQ Clinical Diagnostics LLC (collectively, "Defendants"), upon personal knowledge as to themselves and upon information and belief as to others, for violations of the New York Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## NATURE OF ACTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and

costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they and a proposed class of others similarly situated employees are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3.      In addition to seeking recovery for the Plaintiffs, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

6.      There are over 100 members in the proposed class.

## PARTIES

7.      Plaintiff Marco Rendon is an adult, over eighteen years old, a citizen of New York State and resides in Staten island, New York.

8.      Plaintiff Ashley Salkey is an adult, over eighteen years old, a citizen of New York State and resides in Kings County, New York.

9.      Plaintiff Javonna Jenkins is an adult, over eighteen years old, a citizen of New York State and resides in Bronx County, New York.

10.     Plaintiff Michael Tucker is an adult, over eighteen years old, a citizen of New York State and resides in Kings County, New York.

11.     Plaintiff Anthony Castillo is an adult, over eighteen years old, a citizen of New York State and resides in Bronx County, New York.

12.     Plaintiff Shariff Jamison is an adult, over eighteen years old, a citizen of New York State and resides in Kings County, New York.

13.     Plaintiff Malachi Whyte is an adult, over eighteen years old, a citizen of New York State and resides in Kings County, New York.

14.     Plaintiff Brandon Serrano is an adult, over eighteen years old, a citizen of New York State and resides in Kings County, New York.

15.     Plaintiff Earon Toliver is an adult, over eighteen years old, a citizen of New York State and resides in New York County, New York.

16.     Plaintiffs were, throughout their entire employment with Defendants, covered, non-exempt employees within the meaning of the NYLL. As such, Plaintiffs were, and are, entitled to be paid in full for all hours worked.

17.     Defendant Community Mobile Testing, Inc. (the entity listed on Plaintiffs' pay stubs) is a domestic business corporation, organized and existing under the laws of the State of New York, with a service of process listed as 140 58th Street, Bldg A Suite 3L, Brooklyn, NY 11220.

18.     Defendant LabQ Clinical Diagnostics LLC is a domestic limited liability corporation,

organized and existing under the laws of the State of New York, with a service of process listed as 140 58th Street, Bldg A Unit 3L, Brooklyn, NY 11220.

19.     Defendants operate approximately 138 "mobile" COVID-19 testing locations in the State of New York.

20.     Defendants operate brick-and-mortar laboratory facilities in at least two locations in New York State.

21.     Defendants were, and are, covered employers within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiffs and other similarly situated employees.

22.     The Defendants all simultaneously employed Plaintiffs within the meaning of the FLSA and NYLL.

23.     The Defendants are considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiffs' employment.

24.     Upon information and belief, at all times relevant to the allegations in this Complaint, each Defendant is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.00.

25.     Upon information and belief, Defendants are operated as a single enterprise.

26.     Throughout the employment, Plaintiffs and other similarly situated employees were ordered to report Defendants' laboratory facility located in Brooklyn, New York.

27.     The work performed by Plaintiffs was essential to the business operated by Defendants.

28.     Defendants knowingly and willfully failed to pay Plaintiffs and other similarly

situated employees their lawfully earned wages for each hour of employment in direct contravention of the FLSA and NYLL's minimum wage requirements.

29.    Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees their lawfully earned overtime compensation in direct contravention of the FLSA and NYLL.

30.    Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees their lawfully earned "spread of hours" premium in direct contravention of the NYLL.

31.    Defendants knowingly and willfully failed to provide Plaintiffs and other similarly situated employees required wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

32.    Plaintiff Marco Rendon was employed by Defendants as a Covid-19 tester, driver, and supervisor from approximately November 2020 to May 2021, and then from approximately August 2021 to June 2022. During his employment, he worked from about 8:00 a.m. to 7:00 p.m., 6 days a week. During his employment, he and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of his shift. Based on his best recollection, he clocked in and out when he arrived at the Laboratory for the first year of his employment. Then, Defendants required him to clock in and out when he arrived at the Mobile Testing locations and failed to compensate him for commuting hours between the Laboratory and Covid-19 Mobile Testing locations. For the first 3 months of his employment, his regular pay rate was $18.00 per hour. Then,

he was raised to $23.00 per hour. Plaintiff Marco Rendon was paid bi-weekly during his employment.

33.    Plaintiff Ashley Salkey was employed by Defendants as a Covid-19 tester and driver from approximately January 2022 to approximately July 2022. During her employment, he worked about 43 hours per week, five days a week. During her employment, he and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of her shift. Defendants failed to compensate her commuting hours between the Laboratory and Covid-19 Mobile Testing locations. During her employment, her regular pay rate was $18.00 per hour. Plaintiff Ashley Salkey was paid bi-weekly during her employment.

34.    Plaintiff Javonna Jenkins was employed by Defendants as a Covid-19 tester and driver from approximately August 29, 2021 to approximately September 9, 2022. During her employment, she worked from about 9:00 a.m. to between 6:30 p.m. and 7:00 p.m., Monday to Friday. During her employment, she and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of her shift. Defendants failed to compensate her commuting hours between the Laboratory and Covid-19 Mobile Testing locations. During her employment, her regular pay rate was $18.00 per hour. Plaintiff Javonna Jenkins was paid biweekly during her employment.

35.    Plaintiff Michael Tucker was employed by Defendants as a Covid-19 tester and driver from approximately January 2020 to approximately April 2023. During his employment, he worked from about 8:30 a.m. to between 6:00 p.m. and 6:30 p.m., 6 days a week. During his employment, he

and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of his shift. Defendants failed to compensate him for commuting hours between the Laboratory and Covid-19 Mobile Testing locations. At the beginning of his employment, his regular pay rate was $18.00 per hour. Later at the end of 2021, he was raised to $25.00 per hour. Plaintiff Michael was paid biweekly during his employment.

36.     Plaintiff Anthony Castillo was employed by Defendants as a Covid-19 tester and driver from approximately March 2021 to approximately June 2022. During his employment, he worked from about 8:00 a.m. to between 6:00 p.m. and 7:00 p.m., 5 days a week. During his employment, he and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of his shift. Defendants failed to compensate him for commuting hours between the Laboratory and Covid-19 Mobile Testing locations. During his employment, his regular pay rate was $18.00 per hour. Plaintiff Anthony Castillo was paid biweekly during his employment.

37.     Plaintiff Shariff Jamison was employed by Defendants as a Covid-19 tester and driver from approximately January 9, 2022 to approximately December 15, 2022. During his employment, he worked from about 8:00 a.m. to between 6:00 p.m. and 7:00 p.m., 5 days a week. During his employment, he and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of his shift. Defendants failed to compensate him for commuting hours

between the Laboratory and Covid-19 Mobile Testing locations. During his employment, his regular pay rate was $20.00 per hour. Plaintiff Shariff Jamison was paid biweekly during his employment.

38.    Plaintiff Malachi Whyte was employed by Defendants as a Covid-19 tester and driver from approximately February 2021 to approximately March 2021. During his employment, he worked from about 8:00 a.m. to between 6:00 p.m. and 7:00 p.m., 5 days a week. During his employment, he and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of his shift. Defendants failed to compensate him for commuting hours between the Laboratory and Covid-19 Mobile Testing locations. During his employment, his regular pay rate was $19.00 per hour. Plaintiff Malachi Whyte was paid biweekly during his employment.

39.    Plaintiff Brandon Serrano was employed by Defendants as a Covid-19 tester and driver from approximately October 2020 to approximately March 2021. During his employment, he worked from about 8:00 a.m. to between 6:00 p.m. and 7:00 p.m., 6 days a week. During his employment, he and other drivers were required to report at the LabQ Laboratory located at 140 58th St building a unit 3L, Brooklyn, NY 11220, then drive the LabQ van to different LabQ Covid-19 Mobile Testing locations in Manhattan, New York, and drive the van and take all testing samples to the Laboratory at the end of his shift. Defendants failed to compensate him for commuting hours between the Laboratory and Covid-19 Mobile Testing locations. At the beginning of his employment, his regular pay rate was $18.00 per hour. After about 3-4 months, he was raised to $22.00 per hour. Plaintiff Brandon Serrano was paid biweekly during his employment.

40.    Plaintiff Earon Toliver was employed by Defendants as a Covid-19 tester and driver from approximately September 7, 2021 to approximately June 13, 2023. During his employment, he

worked about 35-45 hours a week. At the beginning of his employment, he worked as a tester. Later, he worked as a driver to pick up and deliver the laboratory testing samples. Defendants failed to compensate him for all overtime hours he worked over forty a week. During his employment, his regular pay rate was $18.50 per hour. Plaintiff Brandon Serrano was paid biweekly during his employment.

**COLLECTIVE ACTION ALLEGATIONS**

41.    Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> All current and former hourly drivers of Defendants employed at Defendants' laboratory in  New York State for the three-year period prior to the filing of the complaint.

42.    Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than one hundred (100) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

43.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

44.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or

varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

45.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

46.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

1.  Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

2.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

3.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

4.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

5.  Whether the Defendants are liable for all damages claimed hereunder, including but not

limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

6.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek; and

7.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wage for all hours worked.

47.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

48.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## <u>CLASS ACTION ALLEGATIONS</u>

49.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

50.    In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> All current and former hourly employees of Defendants employed in New York State for the six-year period prior to the filing of the complaint.

51.    Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiffs' observations while working for Defendants and available public information, there are a minimum of 100 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all nonmanagerial current and former employees and,

therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

52.     The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

53.     The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

54.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

55.     Plaintiffs will fairly and adequately protect the interests of the Proposed Class.

56.     Plaintiffs understand that, as class representative, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

57.     Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

58.     Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

59.    There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

1. Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

2. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

4. What hourly was the employee's hourly rate;

5. Whether the Defendants failed to pay Plaintiffs and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

6. Whether the Defendants failed to pay Plaintiffs and the Class members the required minimum wage for all hours worked;

7. What were the employees' duties and frequency of pay;

8. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

9. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime and Minimum Wage
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

60.     Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

61.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendants employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

64.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

65.     Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

66.     Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the required minimum wage for all hours worked. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members minimum wage in the lawful amount for all hours.

67.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week and refusing to pay at the minimum wage rate for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a).

68.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week and at the minimum wage for all hours worked, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

69.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 21 l(c) and 215(a).

70.     Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

71.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

72.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wage compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

73.     Plaintiffs and the Proposed FLSA Collective members are entitled to an award of

their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL–Overtime Pay, Minimum Wage, and Spread of Hours Pay
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

74.     Plaintiffs realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

75.     Defendants employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

76.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay Plaintiffs and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked.

77.     Plaintiffs and the Proposed Rule 23 Class were and are entitled to receive spread of hours pay of one additional hours' pay at the applicable minimum rate for each hour worked in a given day or workshift in excess of ten hours. Defendants failed to pay Plaintiffs and the Proposed Rule 23 Class members the required spread of hours pay.

78.     Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

79.     Defendants failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

80.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other

similar information in contravention of New York Labor Law § 661.

81.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

82.    At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

83.    Due to the Defendants' NYLL violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

84.    Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL – Failure to Pay Timely Wages
*Brought on behalf of Plaintiffs and the Class*

85.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs and the Class.

87.    Defendants failed to pay Plaintiffs and the Class on a timely basis as required by NYLL § 191(1)(a).

88.     Due to Defendants' violations of the NYLL, Plaintiffs and theClass are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### COUNT IV: NYLL - Annual Wage Notice and Periodic Wage Statements
### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

89.     Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

90.     Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

91.     Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

92.     Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the

dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93.     Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

94.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

95.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

1.  That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

2. An award for unpaid overtime and minimum wage compensation due under the FLSA and NYLL;

3. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

4. An award of liquidated damages as a result of Defendants' failure to pay wages on time, overtime, minimum wage, and spread of hours pay compensation pursuant to the NYLL and the New York State Wage Theft Prevention Act;

5. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

6. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

7. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

8. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

9. An award of prejudgment and post-judgment interest;

10. Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
          November 20, 2023

                                 **LAW OFFICE OF MOHAMMED GANGAT**

                                 By: _____
                                 Mohammed Gangat, Esq.
                                 675 Third Avenue, Suite 1810
                                 New York, NY 10017
                                 (718) 669-0714
                                 mgangat@gangatllc.com

                                 *Attorneys for Plaintiffs and the FLSA*
                                 *Proposed Collective and Rule 23 Proposed*
                                 *Class*