**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARCO RENDON; ASHLEY SALKEY; JAVONNA JENKINS; MICHAEL TUCKER; ANTHONY CASTILLO; SHARIFF JAMISON; MALACHI WHYTE; BRANDON SERRANO; and EARON TOLIVER, on behalf of themselves and others similarly situated, | Case #: 1: 23-CV-08631-DG-VMS |
| Plaintiffs, | |
| -against- | **DEFENDANTS' ANSWER TO COMPLAINT** |
| COMMUNITY MOBILE TESTING, INC.; and LABQ CLINICAL DIAGNOSTICS LLC, | |
| Defendants. | |

Defendants COMMUNITY MOBILE TESTING, INC. and LABQ CLINICAL DIAGNOSTICS LLC, (collectively "Defendants"), by their undersigned counsel, Greenwald Doherty LLP, state the following as their Answer and Affirmative Defenses to the Complaint of Plaintiffs filed on November 20, 2023 (the "Complaint"):

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

2. Paragraph 2 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

3. Paragraph 3 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

## JURISDICTION AND VENUE

4. Defendants admit Plaintiffs invoke the jurisdiction of the Court pursuant to the statutes referenced in Paragraph 4 of the Complaint. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

5. Paragraph 5 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

6. Paragraph 6 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein. and deny the existence of a proposed class.

## THE PARTIES

7. Deny information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint.

8. Deny information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint.

9. Deny information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint.

10. Deny information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint.

11. Deny information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12. Deny information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13. Deny information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint.

14. Deny information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint.

15. Deny information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

17. Deny the allegations as stated in Paragraph 17 of the Complaint, except admit that Community Mobile Testing Inc. is a New York corporation.

18. Deny the allegations as stated in Paragraph 18 of the Complaint, except admit that LabQ Clinical Diagnostics LLC is a New York corporation.

19. Deny the allegations as stated in Paragraph 19 of the Complaint.

20. Deny the allegations as stated in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

22. Paragraph 22 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

23. Deny the allegations as stated in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

25. Deny the allegations as stated in Paragraph 25 of the Complaint.

26. Deny the allegations as stated in Paragraph 26 of the Complaint.

27. Deny the allegations as stated in Paragraph 27 of the Complaint.

28. Deny the allegations as stated in Paragraph 28 of the Complaint.

29. Deny the allegations as stated in Paragraph 29 of the Complaint.

30. Deny the allegations as stated in Paragraph 30 of the Complaint.

31. Deny the allegations as stated in Paragraph 31 of the Complaint.

## STATEMENT OF FACTS

32. Defendants deny the allegations as stated in Paragraph 32 of the Complaint.

33. Defendants deny the allegations as stated in Paragraph 33 of the Complaint.

34. Defendants deny the allegations as stated in Paragraph 34 of the Complaint.

35. Defendants deny the allegations as stated in Paragraph 35 of the Complaint.

36. Defendants deny the allegations as stated in Paragraph 36 of the Complaint.

37. Defendants deny the allegations as stated in Paragraph 37 of the Complaint.

38. Defendants deny the allegations as stated in Paragraph 38 of the Complaint.

39. Defendants deny the allegations as stated in Paragraph 39 of the Complaint.

40. Defendants deny the allegations as stated in Paragraph 40 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

41. Paragraph 41 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein and deny that Plaintiffs are entitled to bring this action as a collective action.

42. Paragraph 42 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein and deny that other employees are similarly situated to Plaintiffs.

43. Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

44. Paragraph 44 of the Complaint is a statement of Plaintiffs' intention to seek to proceed as a collective action pursuant to 29 U.S.C. 216(b) and thus does not require a response. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

45. Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

46. Paragraph 46 of the Complaint, including sub-parts (1) through (7), sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

47. Paragraph 47 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

48. Deny the allegations as stated in Paragraph 48 of the Complaint and specifically deny that other employees are similarly situated to Plaintiffs.

## CLASS ACTION ALLEGATIONS

49. Paragraph 49 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein. and deny that Plaintiffs are entitled to bring this action as a class action.

50. Paragraph 50 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

51. Paragraph 51 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein and specifically deny that other employees are similarly situated to Plaintiffs.

52. Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

53. Deny the allegations as stated in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

55. Paragraph 55 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

56. Paragraph 56 of the Complaint is a statement of Plaintiffs' legal claims to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

57. Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

58. Paragraph 58 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

59. Paragraph 59 of the Complaint, including sub-parts (1) through (9), sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

## STATEMENT OF CLAIMS

### COUNT I:  FLSA – Overtime and Minimum Wage
### Brought on Behalf of Plaintiffs and the Proposed FLSA Collective

60. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 59 of the Complaint.

61. Paragraph 61 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

62. Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

63. Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

64. Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

65. Deny the allegations as stated in Paragraph 65 of the Complaint and specifically deny that Plaintiffs are entitled to maintain this action as a collective action.

66. Deny the allegations as stated in Paragraph 66 of the Complaint and specifically deny that Plaintiffs are entitled to maintain this action as a collective action.

67. Deny the allegations as stated in Paragraph 67 of the Complaint.

68. Deny the allegations as stated in Paragraph 68 of the Complaint.

69. Deny the allegations as stated in Paragraph 69 of the Complaint.

70. Deny the allegations as stated in Paragraph 70 of the Complaint.

71. Deny the allegations as stated in Paragraph 71 of the Complaint.

72. Deny the allegations as stated in Paragraph 72 of the Complaint.

73. Deny the allegations as stated in Paragraph 73 of the Complaint and specifically deny that Plaintiffs are entitled to maintain this action as a collective action.

**COUNT II: NYLL – Overtime Pay, Minimum Wage and Spread of Hours Pay
Brought on Behalf of Plaintiffs and the Proposed Rule 23 Class**

74. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 73 of the Complaint.

75. Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

76. Deny the allegations as stated in Paragraph 76 of the Complaint.

77. Deny the allegations as stated in Paragraph 77 of the Complaint.

78. Deny the allegations as stated in Paragraph 78 of the Complaint.

79. Deny the allegations as stated in Paragraph 79 of the Complaint.

80. Deny the allegations as stated in Paragraph 80 of the Complaint.

81. Deny the allegations as stated in Paragraph 81 of the Complaint.

82. Deny the allegations as stated in Paragraph 82 of the Complaint.

83. Deny the allegations as stated in Paragraph 83 of the Complaint.

84. Deny the allegations as stated in Paragraph 84 of the Complaint and deny that Plaintiffs are entitled to maintain this action as a class action.

## COUNT III:  NYLL – Failure to Pay Timely Wages
## Brought on Behalf of Plaintiffs and the Class

85. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 84 of the Complaint.

86. Paragraph 86 of the Complaint sets forth legal conclusions to which no response is required. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation as stated therein.

87. Deny the allegations as stated in Paragraph 87 of the Complaint.

88. Deny the allegations as stated in Paragraph 88 of the Complaint and deny that Plaintiffs are entitled to maintain this action as a class action.

## COUNT IV:  NYLL – Annual Wage Notice and Periodic Wage Statements
## Brought on Behalf of Plaintiffs and the Proposed Rule 23 Class

89. Defendants repeat and incorporate by reference each response to Paragraphs 1 through 88 of the Complaint.

90. Deny the allegations as stated in Paragraph 90 of the Complaint.

91. Deny the allegations as stated in Paragraph 91 of the Complaint.

92. Deny the allegations as stated in Paragraph 92 of the Complaint.

93. Deny the allegations as stated in Paragraph 93 of the Complaint.

94. Deny the allegations as stated in Paragraph 94 of the Complaint.

95. Deny the allegations as stated in Paragraph 95 of the Complaint and specifically deny that Plaintiffs are entitled to maintain this action as a class action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby deny any allegations not specifically admitted herein including, but not limited to, those allegations set forth in Plaintiffs' Prayer for Relief, including sub-parts (1) through (10) and deny that Plaintiffs or the purported collective or the purported class are entitled to any relief whatsoever, or that Plaintiffs are entitled to maintain this action as a collective action or class action.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses, which they have designated collectively as "affirmative defenses." Defendants' designation of their defenses as "affirmative" is not intended in any way to alter Plaintiffs' burden of proof with regard to any element of his causes of action. Defendants also expressly deny the existence of any alleged putative group of persons or "collective" or "class" that Plaintiff purport to represent in this lawsuit. Defendants incorporate (as if fully set forth therein) this express denial each and every time they reference "Plaintiff" or "Plaintiffs."

### First Affirmative Defense

The Complaint and each and every claim alleged therein fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims under the NYLL are barred for lack of supplemental and pendent jurisdiction.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### Fourth Affirmative Defense

At all times and without admitting liability for any acts or omissions alleged, Defendants acted in good faith and had reasonable grounds for believing their actions complied with the FLSA and NYLL.

### Fifth Affirmative Defense

Defendants did not show reckless disregard for whether their conduct was prohibited by the FLSA or NYLL.

### Sixth Affirmative Defense

Plaintiffs cannot establish that Defendants engaged in willful conduct within the meaning of the FLSA or NYLL.

### Seventh Affirmative Defense

Any damages suffered were the result of Plaintiffs' failure to comply with the reasonable expectations of Defendants and/or follow Defendants' reasonable instructions and/or policies.

### Eighth Affirmative Defense

Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by minimum wage and overtime provisions of the FLSA and NYLL.

### Ninth Affirmative Defense

Plaintiffs are not entitled to compensation for any period they were not engaged to work.

### Tenth Affirmative Defense

To the extent Plaintiffs are entitled to any additional compensation, which Defendants deny, such additional compensation must be offset by the amount of any compensation Plaintiffs

received from Defendants in excess of the compensation to which they were legally entitled for the work performed, including but not limited to, hours paid for time in which no work was performed or in which Plaintiffs were not engaged to work.

### Eleventh Affirmative Defense

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA and NYLL.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred by time records demonstrating Defendants compensated them for all hours and overtime hours worked and claimed.

### Thirteenth Affirmative Defense

Plaintiffs' claim for failure to provide accurate itemized wage notices and wage statements fail to the extent there were no underlying violations of the New York Labor Laws, and Plaintiffs were properly paid for all wages due.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrines of unclean hands, estoppel, waiver, or laches.

### Fifteenth Affirmative Defense

Plaintiffs seek, in whole or in part, double recovery through the claims stated in their Complaint.

### Sixteenth Affirmative Defense

The relief that Plaintiffs seek in their Complaint is barred in whole or in part because Plaintiffs lack standing to obtain such relief.

**Seventeenth Affirmative Defense**

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**Eighteenth Affirmative Defense**

Each and every purported claim alleged by Plaintiffs is barred because any recovery from Defendants would result in Plaintiffs' unjust enrichment.

**Nineteenth Affirmative Defense**

Plaintiffs' claims for untimely payment of wages pursuant to the New York Labor Law are barred because the statute does not create a private right of action.

**Twentieth Affirmative Defense**

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

**Twenty-First Affirmative Defense**

Plaintiffs lack standing to bring claims for failure to provide wage notices or wage statements because Plaintiffs have not plead any damages or harm arising from any asserted technical violation of the statute.

**Twenty-Second Affirmative Defense**

Plaintiffs claims for "spread of hours" compensation is barred because Plaintiff received more than the minimum wage, overtime premium, and spread of hours compensation for each shift worked.

### Twenty-Third Affirmative Defense

Plaintiffs cannot establish that they are similarly situated to the potential members of the purported collective for the purposes of a collective action under 29 U.S.C. § 216(b).

### Twenty-Fourth Affirmative Defense

Plaintiffs have failed to satisfy the statutory prerequisites to proceed collectively under 29 U.S.C. § 216(b).

Plaintiffs cannot establish that they are similarly situated to the potential members of the purported collective for the purposes of a class action under Federal Rule of Civil Procedure 23.

### Twenty-Fifth Affirmative Defense

Plaintiffs have failed to satisfy the prerequisites to certify a class under Federal Rule of Civil Procedure 23.

### Twenty-Sixth Affirmative Defense

Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiffs' pleadings and the fact that discovery has not yet concluded. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

### JURY TRIAL DEMAND

Defendants demand a trial by jury.

### DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request the Court enter an Order that:

   A. Dismisses Plaintiffs' claims in their entirety and enters judgment in favor of Defendants;

   B. Awards all defense costs to Defendants, including reasonable attorneys' fees; and

   C. Grants all other legal and equitable relief that this Court deems just and proper.

Dated: February 2, 2024
    Orangeburg, NY

            **GREENWALD DOHERTY LLP**

       By:  /s/ *George Vallas*
          George D. Vallas, Esq.
          30 Ramland Road, Suite 201
          Orangeburg, New York 10962
          Tel: (845) 589-9300
          Fax: (845) 638-2707
          GV@GreenwaldLLP.com
          *Attorneys for Defendants*

Case 1:23-cv-08631-DG-CHK   Document 8   Filed 02/02/24   Page 16 of 16 PageID #: 50